THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 18-CV-60107-DPG

RICKY THOMPSON and ROBERT
LIVINGSTONE, as individuals and on behalf
of all others similarly situated,

        Plaintiffs,

  v.

THE PROCTER AND GAMBLE
COMPANY,

        Defendant.

_____/

**DEFENDANT THE PROCTER & GAMBLE COMPANY'S MEMORANDUM IN
OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

Defendant The Procter & Gamble Company ("P&G") files this memorandum in opposition to Plaintiffs' motion to remand [Doc. #12] (the "Mot. to Rem."). Because Plaintiffs' own Complaint expressly demands monetary relief that satisfies the amount in controversy, and because the value of the declaratory relief sought on behalf of the putative class also satisfies the jurisdictional requirement, Plaintiffs' Motion to Remand is not well-founded and should be denied.

**I.     Introduction.**

Plaintiffs filed their complaint ("Complaint") in state court on December 11, 2017. After later service of the Complaint, P&G timely filed a Notice of Removal [Doc. #1] on January 18, 2018 removing the action to this Court on the basis of the Class Action Fairness Act ("CAFA", codified in relevant part at 28 U.S.C. 1332(d). P&G's Notice of Removal was supported by the Declaration of Christopher Kash [Doc. #4] ("Kash Decl."). Mr. Kash's Declaration provides

uncontroverted evidence of the basis for removal, including that the amount in controversy significantly exceeds the $5 million jurisdictional requirement of CAFA based on retail sales of Ivory Dish Detergent in Florida during the putative class period.

Plaintiffs' Motion to Remand does not contest the Kash Declaration or the computation of retail sales of Ivory Dish Detergent in Florida. Instead, Plaintiffs assert that the CAFA jurisdictional limit is not satisfied because "absent from Plaintiffs' Complaint is any allegation that Plaintiffs are seeking damages in the amount of the retail sales figures, or any portion thereof." (Mot. to Rem. p. 2). This contention is belied by the unambiguous language of Plaintiffs' Complaint, which alleges exactly what Plaintiffs now claim it does not. These allegations are detailed below and provide a definite and uncontested basis for removal. However, even if the Complaint were construed to seek only declaratory or injunctive relief for benefit of the putative class, the value of that demanded relief would also satisfy the jurisdictional requirement under CAFA.

II.     **Law & Argument**.

    A.     **Plaintiffs' Complaint expressly demands monetary relief that satisfies the amount in controversy requirement.**

Plaintiffs' Complaint alleges that: "As a result of Defendant P&G's deceptive and unfair acts, Plaintiffs and the members of the Class have been **damaged in the amount of the aggregate retail sales of Ivory Dish Detergent throughout the Class Period**." (Compl. ¶ 62, emphasis added). While Plaintiffs contend in the Motion to Remand that no such allegation exists, the actual language of their own Complaint conclusively establishes otherwise.

Numerous other allegations of the Complaint also establish that Plaintiffs seek compensatory damages and monetary relief. These include allegations: that "Plaintiffs and the **other members of the Class were damaged**, in amounts to be proven at trial" (*id.* ¶ 78, emphasis

added); that Plaintiffs "individually and on behalf of the Class" are entitled to **"an award of actual damages** in an amount to be determined at trial" (*id.*, p. 19 Prayer for Relief – D, emphasis added); that Plaintiffs are entitled to an order requiring P&G "to pay full restitution to Plaintiffs" (*id.*, Prayer for Relief – C) on claims that Plaintiffs repeatedly allege are "typical" of the class (*id.* ¶¶ 40, 47 52); and that a specific question of law and fact to be determined in the proposed class action is "[w]hether "Defendant P&G's actions **economically injured the Class members**." (*Id.* ¶ 50(e), emphasis added). After each of their three claimed causes of action, Plaintiffs expressly request "actual and compensatory economic damages" and "equitable relief including restitution." (*See id.* – recital language following ¶¶ 64, 71 & 79). In addition to repeated allegations regarding the typicality of their claims, Plaintiffs specifically allege that the relief they seek – including damages and full restitution – is for the benefit of all members of the putative class: "All members of the Class were and are similarly affected by the deceptive advertising of the Product, and the **relief sought herein is for the benefit of Plaintiffs and members of the Class**." (*Id.* ¶ 47, emphasis added).

In determining what relief the Complaint demands, P&G respectfully submits that the Court should ignore characterizations in the Motion to Remand and should look to the actual language of the Complaint.[1] As detailed above, that language expressly and unambiguously provides that Plaintiffs seek damages and "full restitution" for themselves and the putative class and that the measure of their alleged damages is "the amount of the aggregate retail sales of Ivory Dish Detergent throughout the Class Period." (*Id.* ¶ 62). P&G has provided credible,

---

[1] Nothing in this memorandum implies agreement by P&G that Plaintiffs can or should recover such amounts. The relevant jurisdictional inquiry is not whether Plaintiffs will prevail on the merits or how much they are entitled to recover, it is how much is "put at issue" by the allegations of the complaint at the time of removal. *E.g., Pretka*, 608 F.3d at 751; *S. Fla. Wellness v. Allstate Ins. Co.*, 745 F.3d at 1315 (observing that "[w]hat counts is the amount in controversy at the time of removal" and that the chance that plaintiffs will lose on the merits or that the class will not be certified is not relevant to the removal analysis).

uncontroverted evidence with its Notice of Removal that the aggregate amount of those retail sales in Florida during the class period exceeds $5 million.  (Not. of Rem. p. 2-4; Kash Decl. ¶ 4-5).  All of this evidence is consistent with Plaintiffs' own allegations that there are "at least hundreds of locations within [Broward] County and thousands of retail locations throughout Florida, where consumers purchase Ivory Dish Detergent every day."  (Compl. ¶ 13).  This should end the jurisdictional inquiry.

> **B.     Plaintiffs' Complaint satisfies the CAFA jurisdictional requirement through its request for classwide declaratory relief.**

Even if the Court credited Plaintiffs' contention (contrary to the plain language of their Complaint) that they do not seek monetary relief on behalf of the putative class, the Complaint would still satisfy CAFA jurisdictional requirements based on the declaratory relief it demands. This includes the specific request for "class-wide declaratory relief in the form of an order declaring Defendant's conduct to be in violation of FDUTPA."  (Compl. p. 19, Prayer for Relief – B).  The Eleventh Circuit has held that such declaratory relief satisfies CAFA's amount in controversy requirements even where the "complaint seeks no monetary damages."  *See S. Fla. Wellness v. Allstate Ins. Co.*, 745 F.3d 1312, 1314 (11th Cir. 2014).

In *South Florida Wellness*, plaintiffs did not ask for money damages but sought a declaration that defendant's conduct violated a Florida statute.  That is substantively identical to Plaintiffs' request in this case for a declaration that P&G violated the Florida Deceptive and Unfair Trade Practices Act.  Plaintiffs in *South Florida Wellness* argued that "the financial effects of the declaratory judgment could not be considered for purposes of determining the amount in controversy."  *Id.* at 1315.  The Eleventh Circuit ruled to the contrary, holding that even where "putative class members might have to take an extra step or two after obtaining declaratory relief to get money from [defendant]", the requested declaratory relief was itself sufficient to establish

the amount in controversy for CAFA purposes. *Id.* at 1316-17; *see also A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 2016 U.S. Dist. LEXIS 180667, at *7-8 (S.D. Fla. Jan. 3, 2017) (denying motion to remand, holding that CAFA jurisdiction was satisfied by requested declaratory relief, and stating that the "Court finds the analysis in *[South Florida] Wellness* applicable and controlling").

This Court should likewise hold that the value of Plaintiffs' requested declaration regarding alleged violation of FDUTPA satisfies the CAFA amount in controversy requirement. Plaintiffs have expressly alleged that the value of the classwide FDUTPA claims is the "amount of the aggregate retails sales of Ivory Dish Detergent throughout the Class Period." (Compl. ¶ 62; *see also id.* p. 19, Prayer for Relief – C, demanding "full restitution"). As discussed above and detailed in the Kash Declaration, the amount of those retail sales significantly exceeds $5 million. Accordingly, even if the Court were to disregard the language of the Complaint regarding alleged monetary damages, Plaintiffs' demand for a declaration that P&G violated FDUTPA independently establishes CAFA jurisdiction. *See S. Fla. Wellness,* 745 F.3d at 1316-17.

### C. There is no presumption against removal and P&G has satisfied its basic obligations under CAFA and 28 U.S.C. § 1446.

Plaintiffs' Motion to Remand argues that there is a "presumption" in favor of remand. (Mot. to Rem. p. 3). Putting aside whether any such presumption exists in the abstract, it definitely does not apply to the CAFA removal at issue in this case. As explained by the United States Supreme Court with respect to this argument against removal:

> In remanding the case to state court, the District Court relied, in part, on a purported "presumption" against removal . . . We need not here decide whether such a presumption is proper in mine-run diversity cases. It suffices to point out that no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.

*Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014) (discussing *Dart Cherokee Basin* and noting that "we may no longer rely on any presumption in favor of remand in deciding CAFA jurisdictional questions").

All that is required to support removal under CAFA is a short, plain statement of the grounds for removal, including a "plausible allegation" that the amount in controversy requirement is met. *See Dart Cherokee Basin* 135 S. Ct. at 553-54; *Dudley*, 778 F.3d at 912. P&G has met and exceeded that standard. Its Notice of Removal states the grounds for removal, including a statement that the amount in controversy exceeds $5 million and an additional explanation of the basis for that statement. (Not. of Rem. p. 3-4). P&G's statement regarding the amount in controversy is more than plausible and is entirely consistent with Plaintiff's own allegations regarding the "thousands of retail locations throughout Florida, where consumers purchase Ivory Dish Detergent every day." (Compl. ¶ 13).

Plaintiffs have not offered any opposition to P&G's statements regarding the amount in controversy. Instead, Plaintiffs contend that P&G's amount in controversy analysis is irrelevant to the jurisdictional inquiry because the Complaint only seeks non-monetary relief. (Mot. to Rem. p. 1-5). As explained above, this contention by Plaintiffs is fundamentally incorrect. (*Compare* Mot. to Rem. p. 2 – "Noticeably absent from Plaintiffs' Complaint is any allegation that Plaintiffs are seeking damages in the amount of retail sales figures, or any portion thereof . . ." *with* Compl. ¶ 62 – "As a result of Defendant P&G's deceptive and unfair acts, Plaintiffs and the members of the Class have been damaged in the amount of the aggregate retail sales of Ivory Dish Detergent throughout the Class Period."). Because Plaintiffs have not otherwise contested P&G's plausible statements regarding the determination of the amount in controversy, the Court should accept the

statements in the Notice of Removal as determinative for removal jurisdiction. *See Dart Cherokee Basin* 135 S. Ct. at 553 (stating that "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court"); *Dudley*, 778 F.3d at 912 (noting the minimal requirement for a "plausible allegation" regarding amount in controversy and observing "[t]hat is the end of the matter, unless the plaintiff contests, or the court questions, the defendant's allegation") (internal quotes omitted).

In this case, P&G's amount in controversy contention is further supported by the Kash Declaration. This provides direct testimonial evidence by a witness with knowledge that the amount in controversy based on P&G's retail sales figures exceeds $5 million. (Kash Decl. ¶ 4). The Declaration goes beyond a mere averment and provides further detail and explanation supporting the conclusion that more than $5 million is in controversy. (*Id.* ¶ 5). Even if the Court required an evidentiary basis for removal beyond the plausible statement in the Notice of Removal itself, P&G has provided that basis by a preponderance of the evidence (indeed, the *only* evidence, bearing on the issue). *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 771-72 (11th Cir. 2010) (reversing order of remand and holding that amount in controversy requirement was satisfied based on declaration of a witness with knowledge); *South Fla. Wellness*, 745 F.3d at 1316 (defendant's affidavit was sufficient to establish the amount in controversy, particularly where plaintiff "did not provide any evidence to rebut [the] affidavit or to controvert its calculations").

The Kash Declaration, including its explanation regarding the sales of the product in question is an independent and sufficient evidentiary basis establishing CAFA jurisdiction in this case. *Pretka,* 608 F.3d. at 754 (noting that "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it"). To the extent that the Court has any questions regarding the Kash Declaration, P&G respectfully requests an

opportunity to address them or to supplement the record through discovery. Absent such questions, the Kash Declaration is sufficient to support removal under CAFA, including because Plaintiffs have not offered any countervailing evidence.

### D. Plaintiffs cannot defeat federal jurisdiction with post-removal statements or amendments.

Plaintiffs' Motion to Remand purports to "stipulate, by way of this motion" that Plaintiffs do not seek classwide monetary relief, and also offers to file an amendment to the complaint. (Mot. to Rem. p. 5 & n. 1). Plaintiffs' characterizations are contrary to the plain language of their own Complaint. And any post-removal amendment of the Complaint would be a nullity for purposes of determining CAFA jurisdiction. *See, e.g., Pretka*, 608 F.3d at 773 ("A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later."); *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1331 (11th Cir. 2006) ("Jurisdictional facts are assessed on the basis of plaintiff's complaint as of the time of removal") (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 n.13 (11th Cir. 1994)); *Poore v. Am.-Amicable Life Ins. Co.*, 218 F.3d 1287, 1291 (11th Cir. 2000), *overruled on other grounds*, *Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 641 (11th Cir. 2007) (holding that a district court committed reversible error by remanding based on plaintiffs' post-removal amended complaint); Charles A. Wright et al., *Federal Practice and Procedure* § 3725.2 (4th Ed. April 2012) (subsequent events reducing amount in controversy, such as amendment of complaint, do not defeat federal jurisdiction).

Moreover, Plaintiffs' arguments regarding hypothetical stipulations and amendments would not change the outcome of the removal analysis. As discussed above, even if Plaintiffs contend that they do not seek classwide monetary relief in the instant case, the demanded declaratory relief regarding alleged violations of FDUTPA satisfies the amount in controversy under CAFA. *See S. Fla. Wellness*, 745 F. 3d at 1316; *A&M Gerber Chiropractic LLC,* 2016 U.S.

Dist. LEXIS 180667, at *7-8.  The Complaint unquestionably demands this declaratory relief (*see* Compl. ¶ 62 & p. 19, Prayer for Relief – C) and the Motion to Remand does not contend otherwise.

### III.     Conclusion.

P&G's notice of removal satisfies CAFA and applicable law, including through the plain and plausible statement of the amount in controversy contained in the Notice of Removal, the uncontroverted evidentiary basis set forth in the Kash Declaration, and reference to the damages and declaratory relief demanded in the Complaint.  For these and the other reasons discussed above, P&G respectfully requests that the Court deny the Motion to Remand.

DATED:  March 2, 2018              Respectfully submitted,

*/s/ Andrew R. Kruppa*
Andrew R. Kruppa (Florida Bar No. 63958)
Primary Email:  andrew.kruppa@squirepb.com
**SQUIRE PATTON BOGGS (US) LLP**
200 S. Biscayne Blvd., Ste. 4100
Miami, FL  33131
Telephone:  305-577-7000
Facsimile:  305-577-7001
Secondary Email:  grace-ann.holness@squirepb.com

***Attorneys for Defendant The Procter & Gamble Company***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 2, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive Notices of Filing electronically.

*/s/ Andrew R. Kruppa*
Andrew R. Kruppa