UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-60107-GAYLES/SELTZER

RICKY THOMPSON and ROBERT
LIVINGSTONE, as individuals and on
behalf of all others similarly situated,

              Plaintiffs,

v.

THE PROCTER AND GAMBLE
COMPANY,

              Defendant.         /

## ORDER

**THIS CAUSE** comes before the Court on Defendant The Procter & Gamble Company's Motion to Dismiss Plaintiffs' Complaint and to Strike Class Allegations [ECF No. 8] ("Motion"). The Court has reviewed the briefing, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted in part and denied in part.

**I.    BACKGROUND[1]**

Defendant The Procter & Gamble Company manufactures Ivory Dish Detergent. The packaging for Ivory Dish Detergent asserts:

> You've trusted Ivory's gentle cleansing for years, but did you know mild Ultra Ivory dishwashing liquid can cut through grease to bring your dishes to their incredible best. And Ultra Ivory is proven to be gentle on hands. Its special formula won't remove the natural oils in your skin, giving you soft hands as well as sparkling dishes.

---

[1] The Court must accept Plaintiffs' allegations, set forth below, as true for purposes of this motion to dismiss. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

Plaintiffs Ricky Thompson and Robert Livingstone are individual purchasers of Ivory Dish Detergent, who bring claims on behalf of a proposed class of Florida purchasers of the product. Plaintiffs allege that despite Ivory Dish Detergent's packaging, the product contains methylisothiazolinone (MI), a known contact allergen and sensitizing agent that affects between 2-10% of the population. Plaintiffs argue that the assertions that the product is "trusted," "mild," and "gentle on the hands," are misrepresentations and constitute unlawful consumer deception.

On December 11, 2017, Plaintiffs filed a class action complaint against Defendant in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. [ECF No. 1, at 13]. Plaintiffs bring claims for (1) violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. 501.201, *et seq.*, (2) negligent misrepresentation, and (3) breach of warranty. On January 18, 2018, Defendant removed the action to this Court, alleging federal jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Plaintiffs sought remand, arguing that Defendant had not met its burden to show that there was at least $5 million in controversy as required for CAFA jurisdiction. [ECF No. 12]. The Court denied the motion for remand. [ECF No. 15]. Defendant now seeks dismissal of each cause of action and requests that the Court strike Plaintiffs' class allegations.

## II.  LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations ... are not entitled to an assumption of truth—legal conclusions must be sup-

ported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). At bottom, the question is not whether the claimant "will ultimately prevail ... but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

## III. DISCUSSION

### A. Count I: Violations of Florida's Deceptive and Unfair Trade Practices Act

Plaintiffs' first cause of action is brought pursuant to FDUTPA. The express purpose of FDUTPA is to "protect the consuming public . . . from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2). "[A] consumer claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Rollins, Inc. v. Butland,* 951 So. 2d 860, 869 (Fla. 2d DCA 2006). To determine whether an act is deceptive or unfair, Florida law employs an objective test: whether "the alleged practice was likely to deceive a consumer acting reasonably in the same circumstances," rather than "actual reliance on the representation or omission at issue." *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 983–84 (11th Cir. 2016) (first quoting *State v. Commerce Comm. Leasing, LLC*, 946 So. 2d 1253, 1258 (Fla. 1st DCA 2007); then quoting *Davis v. Powertel, Inc.*, 776 So. 2d 971, 973 (Fla. 1st DCA 2000)).

Defendant moves to dismiss Count I on the basis that Plaintiffs have not pleaded a deceptive act or unfair practice. Primarily, Defendant argues that the statements made on Ivory Dish Detergent's packaging are no more than non-actionable "puffery." Alternatively, Defendant ar-

3

gues that even if the statements do not qualify as puffery, when viewed in the full context of the entire packaging, they are neither false nor deceptive representations.

Ordinarily, the question of whether a business practice—such as a statement made on a product's packaging—is deceptive, is a question of fact not appropriately resolved on a motion to dismiss. *Nature's Prods. Inc. v. Natrol, Inc.*, 990 F. Supp. 2d 1307, 1322 (S.D. Fla. 2013). However, in order for an alleged misrepresentation to be actionable, it must, as a threshold matter, be capable of inducing reasonable reliance by a consumer. *Zlotnick v. Premier Sales Grp., Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007). As Defendant points out, this Circuit and others analyzing similar state laws have recognized that some representations, referred to as "puffery," are not actionable as a matter of law because no reasonable person could rely upon the representations as intended conveyances of fact. *See Mfg. Research Corp. v. Greenlee Tool Co.*, 693 F.2d 1037, 1040 (11th Cir. 1982); *see also Aventis Techs. Corp. v. Barons Fin. Grp., Inc.*, No. 03-cv-1624, 2004 WL 3019491, at *7 (D. Ariz. Apr. 14, 2004).

In distinguishing actionable representations from non-actionable "puffery" under FDUT-PA, courts in this district have looked to whether the claims are specific and measurable, as opposed to vague and highly subjective. *See, e.g.*, *USA Nutraceuticals Grp., Inc. v. BPI Sports, LLC*, No. 15-cv-80352, 2016 WL 4250668, at *2 (S.D. Fla. Apr. 12, 2016). The Eleventh Circuit has found puffery where a representation was "not the sort of empirically verifiable statement that [could] be affirmatively disproven." *Next Century Communs. Corp. v. Ellis*, 318 F.3d 1023, 1028 (11th Cir. 2003). But courts do not assess the individual representations in a vacuum, and still ultimately ask whether the representations are ones to which a reasonable consumer could rely. *See Marty v. Anheuser-Busch Companies, LLC*, 43 F. Supp. 3d 1333, 1342 (S.D. Fla. 2014) (refusing to evaluate the statement "German Quality" in a vacuum, and concluding it did not constitute puffery); *see also Next Century*, 318 F.3d at 1030 (ultimately concluding that the

plaintiff could not have justifiably relied upon the defendant's statement regarding a stock's "strong performance").

Here, the Court cannot conclude that Defendant's representations are non-actionable puffery. Admittedly, the statements Plaintiffs highlight—"trusted," "mild," and "gentle on hands"—may not be empirically verifiable. Nonetheless, as discussed above, the question this Court must ask is whether a reasonable person could rely on Defendant's representations or if, instead, a reasonable person would understand that the representations are something akin to "general claims of superiority made by a salesman." *Mfg. Research Corp.*, 693 F.2d at 1040. Defendant's statements, particularly the statements "mild" and "gentle on hands," could reasonably be taken to amount to more than just a salesman's lavish claims. If, for example, such terms were incorporated in the packaging of a bleach product, or a product otherwise known to be potentially harmful to the touch, the Court could not conclude that a reasonable person would not rely on those statements to their detriment.

Finding Defendant's statements to be more than mere puffery, the Court must still determine whether the Defendant's statements, viewed in their full context, are false or deceptive because the product includes MI. Plaintiffs allege that MI creates an allergic response in up to 10% of the population. Plaintiffs likewise allege MI is a sensitizing agent that can create allergic responses in people previously not affected. While Defendant contends that when read in context, its statements could not possibly assure the exclusion of an allergen like MI, a better-developed factual record is needed to determine whether Ivory Dish Detergent could, in any way, be accurately described as "mild" and "gentle on hands." Accordingly, Defendant's Motion to Dismiss Count I of the Complaint is **DENIED.**

## B. Count II: Negligent Misrepresentation

Plaintiffs' second cause of action alleges negligent misrepresentation. To state a claim for negligent misrepresentation, Plaintiffs must allege "(1) a misrepresentation of material fact; (2) that the representor either knew or should have known was false or made without knowledge of truth or falsity; (3) the representor intended to induce another to act on the misrepresentation; and (4) that injury resulted to [Plaintiffs] acting in justifiable reliance on the misrepresentation." *Behrman v. Allstate Life Ins. Co.*, No. 04-cv-60926, 2005 WL 8154572, at *3 (S.D. Fla. Mar. 24, 2005).

Defendant seeks dismissal of Count II on three separate grounds. First, Defendant argues that Plaintiffs failed to identify a misrepresentation of material fact necessary to support its claim. Second, Defendant argues that Plaintiffs fail to plausibly allege that injury resulted from their justifiable reliance on the purported misrepresentation. To this point, Defendant asserts, as it did in Count I, that it made no actionable statements on which Plaintiffs could have justifiably relied. Third, it argues that Count II is barred by the economic loss rule. Because the Court finds that the claim is barred by the economic loss rule, it declines to analyze the first two bases for dismissal.

"Simply put, the economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses." *Tiara Condo. Ass'n v. Marsh & McLennan Co.*, 110 So. 3d 399, 401 (Fla. 2013). "The products liability economic loss rule developed to protect manufacturers from liability for economic damages caused by a defective product beyond those damages provided by warranty law." *Id.* at 403.

In *Tiara*, the Florida Supreme Court limited the application of the economic loss rule, and certain dicta in its opinion has created confusion. As another court in this district explained:

6

> In an effort to "roll back the economic loss rule" after an era of "unprincipled extension," Florida's Supreme Court expressly limited the application of the economic loss rule to the products liability context. . . . In doing so, the court noted several exceptions to the economic loss rule, including "fraudulent inducement, and negligent misrepresentation, or free-standing statutory causes of action." . . . However, the fraudulent inducement and negligent misrepresentation cases to which the court cited were outside of the products liability context. . . . These exceptions were irrelevant to the decision reached in *Tiara*.
>
> The question . . . , then, is whether Florida's Supreme Court, by its dicta, intended to abridge the economic loss rule in the products liability setting to allow . . . negligent misrepresentation claims . . . , even where the action for fraud depends upon precisely the same allegations as a warranty claim—i.e., a claim the product failed to work as promised.

*In re Takata Airbag Prod. Liab. Litig.*, 193 F. Supp. 3d 1324 (S.D. Fla. 2016) (quoting *Tiara*, 110 So. 3d at 401). In *Takata Airbag*, the court concluded that the Florida Supreme Court did not intend to extend these exceptions to the products liability context. This Court agrees. In a products liability case where only economic damages are alleged, the economic loss rule bars a claim for negligent misrepresentation. And while Plaintiffs claim that this is not a "products liability" case, that argument is unavailing. "If the gravamen of the case is that defendant's product failed to conform to its label, . . . the economic loss rule bars tort claims, including negligent misrepresentation claims, seeking solely economic damages." *Tyman v. Pfizer, Inc.*, No. 16-cv-06941, 2017 WL 6988936, at *18 (S.D.N.Y. Dec. 27, 2017).

Accordingly, Defendant's Motion to Dismiss Count II of the Complaint is **GRANTED**.

### C. Count III: Breach of Warranty

Seeking dismissal of Count III, Defendant argues that Plaintiffs fail to allege pre-suit notice and that Plaintiffs were not in contractual privity with Defendant, thus precluding their claim for breach of express warranty. Neither argument is persuasive.

Under Florida law, "[a]ny description of [a good] which is made part of the basis of the bargain creates an express warranty that the [good] shall conform to the description." Fla. Stat. §

672.313(1)(b). But "in order to recover for a claim of breach of express warranty, '[t]he buyer must within a reasonable time after he or she discovers or should have discovered any breach notify the seller of breach or be barred from any remedy.'" *Sclar v. OsteoMed, L.P.*, No. 17-cv-23247-Moreno, 2018 WL 559137, at *2 (Jan. 24, 2018) (quoting Fla. Stat. § 672.607(3)(a)).

Plaintiffs allege that all conditions precedent to filing of the claim—which would include pre-suit notice—have been satisfied. [*See* ECF No. 1, Exh. 1, ¶ 76]. And in their Response to the Motion, Plaintiffs attach the pre-suit notice letter sent on April 4, 2016, well before the December 2017 filing of the Complaint. [*See* ECF No. 17-1]. In its Reply, Defendant attacks the timeliness and sufficiency of the pre-suit notice. However, "[w]here the buyer gives some notice of the breach, the issues of timeliness and sufficiency are questions of fact." *Royal Typewriter Co. v. Xerographic Supplies Corp.*, 719 F.2d 1092, 1102 (11th Cir. 1983). Accordingly, because Plaintiffs did give some pre-suit notice, Count III is not subject to dismissal at this stage on the basis of a shortcoming of that notice.

Alternatively, Defendant argues that the claim is barred because the parties were not in contractual privity. Generally, "[a] claim for breach of an express warranty . . . requires the parties to have contractual privity." *Aprigliano v. Am. Honda Motor Co.*, 979 F. Supp. 2d 1331, 1340 (S.D. Fla. 2013). Citing a number of cases from this district, Plaintiffs argue that there is an exception to this general rule for claims like theirs against a manufacturer whose products are sold at retail locations. *See, e.g.*, *Smith v. Wm. Wrigley Jr. Co.*, 663 F. Supp. 2d 1336, 1343 (S.D. Fla. 2009); *see also Mardegan v. Mylan, Inc.*, No. 10-cv-14285, 2011 WL 358 3743, at *6 (S.D. Fla. Aug. 12, 2011) (collecting Florida cases allowing breach of express warranty claims in the absence of contractual privity).

Defendant attempts to distinguish those cases by arguing that the exception is triggered only where the manufacturer was the only party with the information necessary to substantiate

*scientific* claims. But Defendant's argument that "proven to be gentle on hands" is "general" rather than "scientific" would require the Court to make a factual finding about the nature of the purported misrepresentations that is inappropriate at this stage. And the basic logic of those cases holds here—the representations were contained on the product packaging itself and retailers of Ivory Dish Detergent from whom Plaintiffs purchased the product could not be reasonably expected to have the knowledge to substantiate those claims. *Smith*, 663 F. Supp. 2d at 1343 ("Here, it defies common sense to argue that purchasers of Eclipse gum presumed that the cashier at the local convenience store is familiar with the scientific properties of MBE. Second, it is significant that the express warranty the manufacturer allegedly breached is contained on the packaging of Eclipse gum.").

Accordingly, Defendant's Motion to Dismiss Count III is **DENIED**.

### D. Class Allegations

Finally, Defendant moves to strike Plaintiffs' class allegations as facially invalid. Defendant asserts that the proposed class cannot comport with the requirements of Rule 23 of the Federal Rules of Civil Procedure, and thus should be stricken. In response, Plaintiffs argue that the governing standard for striking class allegations is Rule 12(f), not Rule 23 itself. The Eleventh Circuit has not addressed the question.

In *Gill-Samuel v. Nova Biomedical Corp.*, 298 F.R.D. 693 (S.D. Fla. 2014), another court in this district concluded that Rule 12(f) provides the appropriate standard. This Court agrees. The sole procedural vehicle in the Federal Rules to strike portions of pleadings is Rule 12(f). Thus, the Court must "view the Rule 23 factors through the lens of the Rule 12(f) standard for motions to strike." *Id.* at 700. Accordingly, "the proper inquiry . . . is whether [Plaintiffs'] class-action allegations are 'redundant, immaterial, impertinent, or scandalous.'" *Id.* (quoting Fed. R. Civ. P. 12(f)). While Plaintiffs' proposed class may ultimately fail on a motion for class certifica-

tion, Defendant has certainly not established at this juncture that Plaintiffs' class allegations are "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Accordingly, Defendant's Motion to Strike the Class Allegations is **DENIED**.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant The Procter & Gamble Company's Motion to Dismiss Plaintiffs' Complaint and to Strike Class Allegations [ECF No. 8] is **GRANTED in part** and **DENIED in part** as follows:

1. The Motion is **GRANTED** as to Count II. Count II is dismissed with prejudice.
2. The Motion is **DENIED** as to Counts I and III.
3. The Motion to Strike Class Allegations is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of October, 2018.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE